IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARLO NICHOLS, and all others similarly situated under 29 USC § 216(b), | § § § § | |
| *Plaintiffs*, | § § | CASE NO. 4:24-CV-00053 |
| v. | § § | JURY DEMANDED |
| GEV WIND POWER U.S., LLC, | § § | Collective Action pursuant to 29 U.S.C. § 216(b) |
| *Defendant.* | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Arlo Nichols ("Plaintiff" or "Nichols"), on behalf of himself and all others similarly situated, files this Complaint against Defendant GEV Wind Power U.S., LLC ("GEV"), and respectfully shows as follows:

### I.   INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty during each workweek.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and on behalf of all similarly situated current and former employees who work/worked for Defendant on an hourly basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each workweek for the time period of three years preceding the filing date of this lawsuit and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

## II. PARTIES

4. Plaintiff is an individual citizen of the state of Pennsylvania and is employed by Defendant nationwide.

5. GEV Wind Power U.S., LLC is a limited liability corporation organized under the laws of the State of Texas. GEV's principal place of business is 2751 Northern Cross Blvd, Suite 313, Fort Worth, Texas 76137. Its registered agent is John G. Pearce, and can be served with process 8310 N. Capital of Texas Highway, Suite 150, Austin, Texas.

6. During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

7. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

8. At all times relevant to this lawsuit, Defendant employs and continues to employ two or more employees.

9. Defendant is an employer of Plaintiff and the putative Collective Action Members.

10. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

11. At all times relevant to this lawsuit, Defendant had annual gross sales or business volume in excess of $500,000.

## III. JURISDICTION & VENUE

12. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant GEV resides in this District and Division.

## IV. FACTS

14. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

15. Defendant provides wind turbine maintenance, inspection, fabric and tower services to owner operators, utilities, and all major turbine original equipment manufacturers across the globe. Defendant employs Plaintiff as a Composite Technician Level II. As a technician, Plaintiff is responsible for performing manual or technical labor to provide Defendant's services to clients' wind farms, including, amongst other things, servicing and repairing composite wind turbine blades. Like Plaintiff, the Collective Action Members are/were also responsible for performing manual or technical labor to provide Defendant's services for clients.

16. Although Plaintiff and putative Collective Action Members worked more than forty hours each week, Defendant required Plaintiff and putative Collective Action Members to travel to clients' wind farm sites across the country by air or truck. Defendant classified such travel time as "mobilization and demobilization" time, which is paid only at straight time under Defendant's compensation structure. Mobilization and demobilization refer to the time that materials, supplies, tools, equipment, and personnel are organized and when Plaintiff and the putative Collective Action Members begin making their way to a job site. Plaintiff and putative Collective Action Members are regularly required to mobilize at Defendant's place of business in Fort Worth, Texas

before continuing to job sites across the country. This mobilization time encompasses Plaintiff and putative Collective Action Members either driving or flying from their homes to Defendant's place of business, and once at Defendant's place of business, Plaintiff and putative Collective Action Members would engage in work-related activities, such as being issued a work truck, gathering and loading supplies and tools for a job, picking up a trailer (if necessary), and picking up other crew members from the airport. Occasionally, Plaintiff and putative Collective Action Members would demobilize from one job site and immediately mobilize to another job site. Defendant did not pay Plaintiff and putative Collective Action Members overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours over forty in the workweek because Defendant failed to count mobilization and demobilization time as hours worked for purposes of determining overtime compensation.

17. At all times, Defendant paid Plaintiff and the putative Collective Action Members on an hourly basis, and Plaintiff and putative Collective Action Members are classified as non-exempt employees.

## V.     FLSA CLAIMS FOR OVERTIME PAY

18. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

19. All conditions precedent to this suit, if any, have been fulfilled.

20. At all relevant times, Defendant has been Plaintiff's employer under the FLSA and is engaged in commerce under the FLSA.

21. Plaintiff is not exempt from overtime under the FLSA and was paid on an hourly basis.

22. Plaintiff regularly worked more than forty hours per workweek for Defendant but was not paid time and one-half his regular rate of pay for all hours over forty because Defendant did not count mobilization and demobilization time as hours worked in each workweek.

23. Defendant's violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, by paying only straight time for all mobilization and demobilization time and refusing to count such hours as "working hours," Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rate of pay for all hours over forty in a workweek. On behalf of himself and the putative Collective Action Members, Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendant's willful conduct. 29 U.S.C. § 255(a).

24. Plaintiff seeks all damages available at law for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.   FLSA COLLECTIVE ACTION CLAIMS

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and/or former non-exempt employees of Defendant who: (a) were paid on an hourly basis, (b) performed manual or technical labor to provide Defendant's products and services to customers; (c) work/worked more than forty hours in any workweek; and (d) whose mobilization and demobilization hours worked did not count towards hours worked for purposes of determining overtime compensation.

27. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a straight rate for all mobilization and demobilization time without receiving overtime premium pay for all hours worked over forty in each workweek, because Defendant did not count the mobilization and demobilization hours as hours worked for overtime purposes.

28. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

29. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

30. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

31. Although the exact amount of damages may vary amongst the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

32. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

33. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

34.   Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## VIII.   PRAYER

35.   For these reasons, Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded judgment against Defendant for the following:

    a.   An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

    b.   All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

    c.   All other relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Brandon C. Callahan*
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Fernando M. Bustos; SBN: 24001819
fbustos@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
Benjamin E. Casey; SBN: 24137943
bcasey@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
ARLO NICHOLS AND THE
COLLECTIVE ACTION MEMBERS