## IN THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT
## OF TEXAS FORT WORTH DIVISION

| | | |
|---|---|---|
| ARLO NICHOLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00053-O |
| | § | |
| GEV WIND POWER U.S., LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S RULE 55(c) MOTION TO
### VACATE AND SET ASIDE ENTRY OF DEFAULT

Pursuant to FRCP 55(c), Defendant GEV WIND POWER U.S., LLC ("GEV Wind" or "Defendant") by its undersigned counsel, asks the Court to set aside the Clerk's Entry of Default in favor of Plaintiff Arlo Nichols ("Plaintiff") (ECF No. 7).

### I.      BACKGROUND

**a.  The procedural posture of the case.**

On January 16, 2024, Plaintiff filed his Original Compliant. (ECF No. 1). On January 22, 2024, Plaintiff Served Defendant's Registered Agent and filed his Return of Service. (ECF No. 4). On February 12, 2024, the Court ordered Plaintiff to move for entry of default against Defendant. (ECF No. 5).

On February 14, 2024, the Clerk filed an Entry of Default against Defendant but did not enter a default judgment. (ECF No. 7). As a result, on March 29, 2024, the Court ordered Plaintiff to file a motion for default judgment under Federal Rule of Civil Procedure 55. (ECF No. 8). On April 11, 2024, Plaintiff filed its Motion for Default Judgment. (ECF No. 9). On April 15, 2024, the Court referred Plaintiff's Motion for Default Judgment to Magistrate Judge Hal Ray, Jr. (ECF No. 10). Thus, the Court has not yet ruled on Plaintiff's Motion for Default. Defendant is filing

---

this motion in utmost haste and will file a Motion for Leave to Answer as soon as practicable.

**b. Defendant's discovery of the lawsuit.**

On April 17, 2024, Defendant received actual notice of this lawsuit. (Phillips Decl. ¶¶ 8, 10, attached hereto as Exhibit "A" and incorporated fully herein). On April 18, 2024, Defendant retained the undersigned counsel to represent it in this case, who immediately contacted Plaintiff's attorney. (Phillips Decl. ¶ 11).

Defendant was unaware of the lawsuit despite its Registered Agent being properly served because Defendant's Registered Agent did not take efforts to notify Defendant of the lawsuit beyond a single email with no other form of communication. (Phillips Dec. ¶ 8, 10). The email was only discovered after a third-party notified GEV Wind of the lawsuit. (Phillips Dec. ¶ 8, 10). The individual who received the Registered Agent's email was the Vice President of HR & Resourcing. As a Vice President, the individual was extremely busy overseeing organizational changes in multiple departments and did not see the email because he typically receives hundreds of emails, direct messages, electronic notifications, and other communications per day, which generally relate to the individual's primary job duties as Vice President of HR & Resourcing as opposed to legal matters. (Phillips Dec. ¶¶ 4–7).

Instead, a third party discovered the lawsuit on April 17, 2024, and notified GEV Wind, who promptly took action to remedy the situation by retaining legal counsel. (Phillips Dec. ¶¶ 10–11). Ultimately, the individual who received the email from GEV's Registered Agent was unaware that the Registered Agent, who no longer had an active, ongoing relationship with GEV Wind, was still listed as its Registered Agent. GEV Wind is in the process of correcting its Registered Agent. (Phillips Dec. ¶¶ 7–9).

---

**DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT**                    **PAGE 2 OF 8**

GEV Wind is filing this Motion in good faith and not for dilatory reasons and with all haste as soon as practicable. (Phillips Dec. ¶ 12). GEV Wind has a meritorious defense to the allegations in this lawsuit and intends to fully participate and defend the lawsuit. (Phillips Dec. ¶ 11).

## II.      ARGUMENTS AND AUTHORITIES

Significantly, only an Entry of Default has been entered in this case and not a Default Judgment. FRCP 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside a clerk's Entry of Default, "good cause," is lower than the standard for setting aside a Default Judgment, "excusable neglect," although the factors analyzed for each are the same. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 544 n. 20 (5th Cir. 2014) (noting Rule 55(c) "good cause" standard is "less rigorous than setting aside a [default] judgment for excusable neglect").

Because FRCP 55(c) does not define "good cause," courts typically rely on the same three factors used to evaluate a motion to vacate a default judgment—(1) prejudice to the plaintiff, (2) meritorious defense, and (3) willfulness. *See Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 966 (D.C. Cir. 2016). As "good cause" is not a formulaic standard, courts have additionally looked to several other factors, including (4) whether entry of default would lead to a harsh or unfair result, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d. Cir. 1993); (5) whether the defendant acted expeditiously to correct the default, *see Perez v. Wells Fargo*, 774 F.3d 1329, 1337 n. 7 (11th Cir. 2014); (6) the nature of the defendant's explanation for the default, *see Id.* at 1337 n. 7; (7) the good faith of the parties, *see Enron Oil*, 10 F.3d at 96; (8) the amount of money involved *see Indigo Am., Inc. v. Big Impression, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (whether there was significant financial loss to defaulting party); (9) whether there is a history of

dilatory action, *see Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006); and (10) the availability of less drastic sanctions, *see id*.

### 1. There is no prejudice to Plaintiff where setting aside a default would only cause Plaintiff to prove his case.

First, "[t]he plaintiff does not suffer prejudice when the only harm done to plaintiff in setting aside a default is to require him to prove his case." *A.P. Moller-Maersk A/S, Trading v. Safewater Lines (I) PVT, Ltd.*, 322 F.R.D. 255, 259 (S.D. Tex. 2017), *aff'd sub nom. A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 Fed. Appx. 221 (5th Cir. 2019). Here, because a mere Entry of Default has been entered, Plaintiff has received no final relief in the form of a Default Judgment, so Plaintiff would not suffer any prejudice because Plaintiff would simply have to prove his case. Therefore, Plaintiff has not suffered prejudice, so this factor weighs in favor of setting aside the Entry of Default.

### 2. Defendant has met the low burden of demonstrating a meritorious defense.

Second, "[i]n determining whether a defendant has met his or her burden, '[l]ikelihood of success is not the measure. Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 577 (E.D. La. 2016). Here, Defendant has stated that it has a meritorious defense. Further, Defendant's VP of HR & Resourcing at GEV Wind was responsible for overseeing and implementing payroll and benefits policies and practices and ensuring legal compliance with employment laws and regulations. Defendant's job took his full attention. Taken together, those facts suggest GEV Wind was diligent in ensuring legal compliance with employment laws such as the FLSA and paying employees properly. Although those facts do not show a likelihood of success on the merits, they are sufficient to constitute a "hint of a suggestion" that would constitute a defense to a FLSA violation. When

---

taken in light of the more liberal standard at play in this analysis, Defendant has met its low burden to suggest a meritorious defense. Therefore, this factor weighs in favor of setting aside the Entry of Default.

### 3. Defendant's failure to Answer was not willful or culpable.

Third, for a default to be considered willful, the defendant's conduct must be more than merely negligent or careless; it must be egregious and not satisfactorily explained. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186. (2d Cir. 2015). Here, based on the Affidavit of Rorry Phillips, Defendant's failure to answer was not based on egregious misconduct but rather the oversight of a missed email by a busy executive. This amounts to merely negligence or carelessness, which, when taken with the more liberal standard applied here, weighs in favor of vacating the entry of default.

### 4. A default judgment would have a harsh and unfair result toward Defendant in this case because of the automatic class certification.

This case is not a typical case. Rather, Plaintiff has filed a FLSA Collection Action, and a default judgment would have the effect of automatically certifying a class against defendant. (EFC. No. 9) ("Plaintiff seeks an order from this Court . . . [c]onditionally certifying this case as an FLSA collection action."). Class certification is a crucial step in litigation that could expose Defendant to much greater liability and requires the District Court to determine whether a group of employees are similarly situated. *Swales v. KLLM Transp. Services, L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021). Thus, not only would Defendant be liable to Plaintiff if a default judgment was entered but potentially liable to multiple plaintiffs whom Defendant would lose the chance to argue are not similarly situated. Therefore, entry of default would be a particularly harsh result in this case, so this factor weighs in favor of setting aside the default judgment.

---

**5.  Defendant has acted expeditiously to correct the Entry of Default.**

As outlined above, Defendant immediately notified legal counsel when it learned of the pending lawsuit. Within 48 hours of learning of the lawsuit, Defendant's legal counsel filed this Motion. Further, Defendant is acting before a final Default Judgment has been entered against it. Therefore, this factor weighs in favor of setting aside the Entry of Default.

**6.  Defendant has a reasonable explanation for its failure to Answer.**

Here, Defendant's explanation is one of understandable oversight that happens from time to time as opposed to showing deliberate indifference. As outlined above, there was a failure of communication between GEV Wind and its Registered Agent because only a single email alert was sent to GEV Wind, which GEV Wind did not see until April 17, 2024 after a third-party notifed GEV Wind of the lawsuit. GEV Wind's explanation does not suggest an intentional or willful disregard of judicial proceedings, and so this factor weighs in favor of vacating the entry of default.

**7.  Defendant is acting in good faith.**

Here, as outlined above, the individual at GEV Wind who missed the email from its Registered Agent expressed regret about the situation and stated he immediately retained counsel. Those facts are suggestive of good faith as opposed to gamesmanship. Therefore, this factor weights in favor of setting aside the entry of default.

**8.  The amount of money involved is potentially significant given the collection action.**

As outlined above, Plaintiff has filed a collective action. Further, Plaintiff has demanded discovery into Defendant's payroll to determine alleged overtime violations relating to potential collective action members. For overtime violations, the FLSA authorizes the recovery of back pay and liquidated damages for "willful" violations. If a default judgment were entered, Plaintiff could

be liable for multiple times the actual damages towards not only Plaintiff but all others who opt into the class. As such, this factor weighs in favor of vacating the Entry of Default.

### 9. There is no history of dilatory action in this case.

Here, as outlined above, Defendant is acting in good faith to rectify a mistake. Contrary to Plaintiff's false assertion, GEV Wind is not strategically defaulting to avoid class certification. To the contrary, GEV Wind is seeking to litigate the issue of class certification by filing this Motion. The record is fresh and does not contain demonstrable proof that GEV Wind is engaged in gamesmanship. Therefore, this factor weighs in favor of setting aside the Entry of Default.

### 10. Default Judgment is one of the most severe sanctions.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). Here, as explained above, GEV Wind's failure to timely Answer was not based on willful conduct, and so does not deserve to have a Default Judgment rendered against it. Therefore, this factor weighs in favor of vacating a Default Judgment.

### III.   Conclusion

Because the standard for setting aside an Entry of Default is lower than that of setting aside a Default Judgment, and because the "good cause" factors weigh in favor of vacating the Entry of Default, Defendant respectfully asks the Court to set aside the Entry of Default. Significantly, Defendant's conduct is not willful and Plaintiff will suffer no prejudice since Plaintiff will simply have to prove his case. Defendant will file a request for leave to file its Answer as soon as practicable to continue defending this case.

---

Respectfully submitted,


*/s/ Caroline C. Harrison*
Caroline C. Harrison
State Bar No. 24046034
charrison@phamharrison.com
Lu Pham
State Bar No. 15895430
lpham@phamharrison.com
Spencer M. Mainka
State Bar No. 24116707
smainka@phamharrison.com

PHAM HARRISON, LLP
505 Pecan Street, Suite 200
Tindall Square Building No. 2
Fort Worth, Texas 76102
Telephone: (817) 632-6300

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent via electronic filing on the 19th day of April, 2024, to all parties at following address:

Brandon C. Callahan
bcallahan@bustoslawfirm.com
Fernando M. Bustos
fbustos@bustoslawfirm.com
Matthew N. Zimmerman
mzimmerman@butsoslawfirm.com
Benjamin E. Casey
bcasey@bustoslawfirm.com

BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX


/s/ Caroline C. Harrison
Caroline C. Harrison