**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ARLO NICHOLS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00053-O** |
| | § | |
| **GEV WIND POWER U.S., LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S RULE 6(b) MOTION FOR LEAVE TO FILE ANSWER

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant GEV Wind Power U.S., LLC ("Defendant" or "GEV Wind") files this Motion for Leave to file its Answer to Plaintiff Arlo Nichols's ("Plaintiff") Complaint:

### A.    INTRODUCTION

On January 16, 2024, Plaintiff brought an FLSA Collective Action lawsuit against Defendant. (ECF No. 1). Defendant's Answer was due on February 9, 2024. On February 12, 2024, the Clerk filed an Entry of Default against Defendant, but did not enter a Default Judgment. (ECF No. 7). On April 17, 2024, Defendant received actual notice of this lawsuit. (Phillips Decl. ¶¶ 8, 10, attached as Exhibit "A" to Defendant's Rule 55(c) Motion to Vacate and Set Aside Entry of Default, (EFC No. 11)). On April 19, 2024, less than 48 hours after receiving actual notice of the lawsuit, Defendant filed its Motion to Vacate and Set Aside Entry of Default, which is pending before the Court. (ECF No. 11). Defendant has attached its Answer as Exhibit "A" to this Motion for Leave according to the Local Rules of the Northern District of Texas.

### B.    ARGUMENT

The Court should allow Defendant leave to file its Answer because Defendant has

---

**DEFENDANT'S MOTION FOR LEAVE TO FILE ANSWER**                    **PAGE 1 OF 4**

demonstrated good cause to set aside the Clerk's Entry of Default as set forth in Defendant's Rule 55(c) Motion to Vacate and Set Aside Entry of Default, which Defendant filed on April 19, 2024 and which is incorporated by reference herein. (EFC No. 11). Furthermore, under Rule 6(b), a court may extend a deadline after such deadline has elapsed if the movant establishes good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The factors relevant to determining excusable neglect are: (1) "the possibility of prejudice to the other parties"; (2) "the length of the applicant's delay and its impact on the proceeding"; (3) "the reason for the delay and whether it was within the control of the movant"; and (4) "whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

First, Plaintiff will not be prejudiced by the filing of Defendant's Answer because Plaintiff has neither been awarded any relief nor received a Default Judgment. *A.P. Moller-Maersk A/S, Trading v. Safewater Lines (I) PVT, Ltd.*, 322 F.R.D. 255, 259 (S.D. Tex. 2017), *aff'd sub nom. A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 Fed. Appx. 221 (5th Cir. 2019) ("The plaintiff does not suffer prejudice when the only harm done to plaintiff in setting aside a default is to require him to prove his case."). Accordingly, this factor weighs in favor of granting Defendant's Motion for Leave.

Second, although Defendant is seeking leave roughly two months after the Answer was due, Defendant received actual notice of the lawsuit on April 17, 2024. (ECF No. 11, Exhibit 1 at ¶ 8). Therefore, Defendant is requesting leave as soon as practicable after learning of the lawsuit. Furthermore, the impact on the proceedings in minimal, as Plaintiff has not yet been awarded a default judgment and will not suffer prejudice as the only harm done to Plaintiff is that Plaintiff will now be required to prove his case. *A.P. Moller-Maersk A/S, Trading*, 322 F.R.D. at 259. Accordingly, this factor weighs in favor of granting Defendant leave to file its Answer.

Third, Defendant's reason for not responding sooner is that Defendant's Registered Agent notified Defendant of the lawsuit only by email. This email, unfortunantly, was not seen by the recipient for various reasons that were not willful but were due to oversight of a missed email by a busy executive with an extremely crowded inbox. (See, ECF No. 11, Exhibit 1 at ¶ 6, 8). In addition, this matter was not fully in Defendant's control, as the Registered Agent could have taken more action to notify Defendant or get confirmation Defendant received his email. Based on the reason for not responding sooner, this factor weighs in favor of granting Defendant leave to file is Answer. Based only on whether this was in Defendant's control, this also weighs in favor of Defendant or is, at worst, neutral for Defendant.

Finally, the Defendant acted in good faith. (*See*, ECF No. 11, Exhibit 1 at ¶ 11–12). As soon as Defendant got actual notice of the lawsuit, Defendant immediately retained counsel to respond to the lawsuit. Further, there is no record of dilatory activity by Defendant or any history of similar actions by Defendant in ignoring service of a lawsuit. Accordingly, this factor weighs in favor of granting Defendant leave to file its Answer. Therefore, because at least three of the four factors weigh in favor of Defendant, the Court should grant Defendant leave to file its Answer.

## C.    CONCLUSION

Because Defendant has demonstrated good cause in its Motion to Vacate and Set Aside Default judgment, and because Defendant has demonstrated good cause and excusable neglect under Federal Rule of Civil Procedure 6(b), Defendant respectfully requests that the Court grant its Motion for Leave to file its Answer and thereafter file the Answer attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Caroline C. Harrison*
Caroline C. Harrison
State Bar No. 24046034
charrison@phamharrison.com
Spencer M. Mainka
State Bar No. 24116707
smainka@phamharrison.com

PHAM HARRISON, LLP
505 Pecan Street, Suite 200
Tindall Square Building No. 2
Fort Worth, Texas 76102
Telephone: (817) 632-6300

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing instrument has been sent via electronic filing on the 22nd day of April, 2024, to all parties at following address:

Brandon C. Callahan
bcallahan@bustoslawfirm.com
Fernando M. Bustos
fbustos@bustoslawfirm.com
Matthew N. Zimmerman
mzimmerman@butsoslawfirm.com
Benjamin E. Casey
bcasey@bustoslawfirm.com

BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

**ATTORNEYS FOR PLAINTIFF**

*/s/ Caroline C. Harrison*
Caroline C. Harrison

**DEFENDANT'S MOTION FOR LEAVE TO FILE ANSWER**                    **PAGE 4 OF 4**